UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-82389-Civ-Cannon/Reinhart

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JON P. RUGGLES,

      Defendant.

_____/

**STANDING DISCOVERY ORDER FOR
MAGISTRATE JUDGE BRUCE REINHART**

THIS CAUSE is before the Court upon an Order referring all pretrial discovery matters for appropriate disposition [DE 17], and subsequent notice of reassignment [DE 20] to the undersigned due to the untimely passing of U.S. Magistrate Judge Dave Lee Brannon.  To the extent that this Order conflicts with the procedures set forth in the prior Order Setting Discovery Procedure [DE 18], this Order takes precedence.  The following procedures are designed to help the parties and the Court work together to accomplish civil discovery without undue delay and unnecessary expense.

I.      **GENERAL DISCOVERY PRINCIPLES**

    A.  **RULE 26(b)(1) - Relevance and Proportionality**

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be

Page 1 of 11

discoverable.

Therefore, an objection that a discovery request is not reasonably calculated to lead to admissible evidence is based upon an outdated discovery standard. Such an objection is meaningless and will be found meritless by this Court. An objection based on relevance or proportionality must include a specific explanation describing why the request lacks relevance and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).

**B.  Rule 26(c) – Protective Orders**

Federal Rule of Civil Procedure 26(c) permits the Court to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A motion seeking relief under Rule 26(c) must include a specific explanation, supported by facts, demonstrating how complying with the discovery request would cause annoyance, embarrassment, oppression, or undue burden or cost. The Court will reject a conclusory unsupported statement that Rule 26(c) relief is warranted. *See* S.D. Fla. L.R. 26.1(g)(3).

**C.  Non-Waiver**

Discovery is a dynamic process. What is relevant or proportionate or cumulative or unduly burdensome can change as a case moves forward. The Court recognizes that a party may be unwilling to compromise its position on a particular discovery request because of concern that the concession will be deemed to waive a future objection or a future demand for related discovery. To eliminate this concern, the Court evaluates all discovery requests and responses individually. Therefore, by responding, in whole or in part, to a discovery request, a party does not waive any objection to a future request. Likewise, by agreeing to limit a discovery demand, a party does not waive its right to seek additional discovery in the future. Parties need not serve a

response or objection that specifically reserves their rights or disavows a waiver.

### D.  Rule 26(g) Certification

Federal Rule of Civil Procedure 26(g) requires, a lawyer or party requesting discovery, responding to a discovery request, or objecting to a discovery request to sign the relevant pleading. The signature "certifies that to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry*" that (1) any response to a discovery request is complete and correct and (2) any request, response, or objection is not for an improper purpose, such as delay or needless increase in litigation cost or otherwise unreasonable "considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Rule 26(g) imposes an affirmative duty on counsel to conduct a reasonable inquiry prior to promulgating discovery or objecting to discovery and to conform discovery to what is reasonably necessary to the case at hand. The procedures outlined in this Order are designed to help counsel ensure that their Rule 26(g) certifications are accurate, and to provide the Court with a complete and accurate record to assess discovery behavior, including requests for sanctions based on discovery violations.

## II.    DISCOVERY OBJECTIONS

### A.  Identifying Withheld Materials

The Federal Rules of Civil Procedure require that all discovery objections "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). When a party asserts a discovery objection, the Court assumes that a Rule 26(g) compliant search has been conducted and that responsive materials exist. If a party interposes an objection and later asserts that no responsive documents exist, the Court **will** impose sanctions. If a party asserts that it would be too burdensome to search for responsive

materials, the objection should make clear that no search has been conducted and explain why a search would be unduly burdensome.

**B.  Boilerplate or General Objections**

The parties shall not make nonspecific, boilerplate objections. *See, e.g.*, Local Rule 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."). The parties also shall not make General Objections that are not tied to a particular discovery request. Such objections are meaningless and will be stricken by this Court.

**C.  Vague, Overly Broad, and Unduly Burdensome**

Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be stricken by this Court. If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel **prior to objecting** on vagueness grounds.

An objection that a discovery request is "overbroad" is ambiguous.  If the objecting party asserts that the request seeks materials that are not relevant, the objection should say so. Alternatively, if the objector asserts that the request seeks materials that are relevant but excessive or cumulative, the objection should state that the request is disproportionate.

If a party believes a discovery request seeks irrelevant information, is disproportionate, or is unduly burdensome, that party shall confer in good faith with opposing counsel to narrow the scope of the request **before asserting these objections**. The objecting party nevertheless shall respond as to those matters for which the scope or burden is not contested. For example, if there is an objection based upon the scope of the request, such as time frame or geographic location, discovery should be provided as to the time period or locations that are not disputed.

Thus, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

A party objecting on any of these grounds must explain the specific and particular way in which a request is vague, seeks irrelevant information, is disproportionate, or is unduly burdensome. *See* Fed. R. Civ. P. 33 (b)(4) and 34 (b)(2)(B); *See also Democratic Republic of Congo v. Air Capital Grp., LLC*, No. 12-CIV-20607, 2018 WL 324976, at *3 (S.D. Fla. Jan. 8, 2018) (citing *Sallah v. Worldwide Clearing LLC,* 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) ("A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.")). Unless impractical, an objection that ESI discovery based on proposed search terms is unduly burdensome should be supported by evidence of the expected number of hits.

### D.  **Formulaic Objections Followed by an Answer**

A party shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object to a discovery request, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a response preserves nothing. Further, it leaves the requesting party uncertain as to whether the discovery request (as propounded) has actually been fully answered, whether the response relates only to the request as unilaterally narrowed by the responding party, and whether the responding party is withholding any responsive materials.

The proper practice is to state (1) whether documents are being provided in response to

the request and identify those documents by sequential number or category, and (2) whether any responsive documents are being withheld, and if so the specific legal basis for that objection. *See* Fed. R. Civ. P. 34(b)(2)(C) (objection must "state whether any responsive materials are being withheld on the basis of that objection."); Local Rule 26.1(e)(6) ("Each page of any document produced in a non-electronic format must be individually identified by a sequential number that will allow the document to be identified but that does not impair review of the document."). Samples of proper objections include:

Defendant is providing documents marked as Defense 1 – 250, as well as a USB drive containing emails for the following custodians in native format_____. Defendant has identified other documents which are responsive to the request as propounded, but Defendant asserts that those additional documents are irrelevant to the claims and defenses in this matter because_.

Plaintiff is providing documents marked as Plaintiff 1 – 100. Plaintiff has identified other documents which are responsive to the request as propounded, but Plaintiff asserts that production of those materials would be disproportionate to the needs of the case because the burden and expense of the proposed discovery outweighs its likely benefit for the following reasons:_____.

**E. <u>Production At An Indeterminate Time</u>**

It has also become a common practice to respond to Requests for Production by saying that the party will either produce responsive materials, or make those materials available for inspection, at an indeterminate future date. Such a response is not a response and only serves to delay the discovery process.  Federal Rule of Civil Procedure 34(b)(2)(B) states that a production must be "completed no later than the time for inspection specified in the request or another reasonable time specified in the response."  Hence, unless all unobjectionable materials are being

produced contemporaneously with the written response, the response must specify a date by which production will be completed; the respondent may adopt the date proposed in the request or may propose its own reasonable time, after consultation with opposing counsel.

The Court strongly encourages parties to engage in rolling production of documents. If a rolling production is to occur, the parties shall confer about a production schedule, including the order in which categories of documents will be produced, and a good faith estimate of the date by which production will be completed.

Whether by rolling production or otherwise, a final production date more than 30 days after the response deadline (i.e., generally 60 days after the request is served) is presumptively unreasonable under Rule 34(b)(2)(B). That being said, the parties will be in the best position to assess the timing of discovery in a particular case. Therefore, the parties may agree to a longer period for production, without leave of Court. In the absence of agreement among the parties, if the production will not be completed within 30 days of the response deadline, a motion for enlargement of time should be filed by the responding party. The motion shall include a good cause explanation for why production cannot be completed within that time period, and a proposed schedule for completing the production. The opposing party shall respond within 72 hours.

### F.  <u>Objections Based upon Privilege – Requests for Production and Interrogatories</u>

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with the Local Rules. Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the identity of the parties to the communication. Local Rule 26.1(e)(2)(C) requires a privilege log. If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be

deemed waived.  The production of non-privileged materials should not be delayed while a party is preparing a privilege log.

### G. Objections Based upon Privilege – Depositions

In general, it is improper for a party to object to a noticed deposition with a blanket assertion of privilege.  *See S.E.C. v. Merkin*, 283 F.R.D. 689, 698 (S.D. Fla. 2012) (J. Goodman). Rather, assertions of privilege during a deposition should be raised on a question-by-question basis, thus providing the Court with a record from which it can determine whether each assertion of privilege was proper.

Similarly, the Court typically will decline to rule on objections made in advance of a Rule 30(b)(6) deposition of a corporate representative. "In situations where a particular [Rule 30(b)(6)] noticed topic is alleged to be outside the scope of Rule 26 discovery . . . the remedy . . . does <u>not</u> involve this Court preemptively reviewing arguments on relevance or overbreadth."

*Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *3 (S.D. Fla. Aug. 3, 2011) (J. Torres) (emphasis in original) (noting that "the Rule is intended to be self-executing and must operate extrajudicially") (quoting *New World Network Ltd. v. M/V Norwegian Sea*, 2007 WL 1068124, at *2–3 (S.D. Fla. Apr.6, 2007)). Rather than the court intervening prior to the scheduled deposition, "the better procedure to follow" is for a corporate deponent to object to a topic as the questions are being posed, and for the opposing party to move to compel additional answers, if necessary, after the deposition. *Balu*, 2011 WL 3359681, at *4. This procedure "will give the Court a factual record with which to judge whether a particular topic or question asked should be compelled or not." *Id.* In sum, while a lawyer can object to a deposition question and instruct a Rule 30(b)(6) witness not to answer on relevance grounds, if the Court overrules the objection, the Court will assess fees and costs for reconvening the 30(b)(6) deposition.

### H. **Instructions to the Responding Party**

A party propounding discovery cannot impose legal obligations on the respondent through the use of Instructions. Discovery is governed by the rules of Court, which cannot be unilaterally supplemented by a party. Any Instruction that purports to impose a duty not otherwise mandated by the Federal Rules of Civil Procedure or the Local Rules of this Court has no legal effect and only serves to waste the time and resources of the Court and the parties.

### III. **PROCEDURES FOR DISCOVERY DISPUTES**

**A. Pre-hearing Communication.** If a discovery dispute arises, counsel must actually speak to one another (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking Court intervention.

**B. Hearing Procedures.** If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Reinhart will set the matter for a hearing pursuant to the following procedures. No discovery motions shall be filed until after the parties have engaged in this process. If the dispute is not resolved at the discovery hearing, the Court will consider authorizing the filing of an appropriate discovery motion, which will then implicate the sanctions provisions of Federal Rule of Civil Procedure 37(a)(5).

The moving party may request a discovery hearing by sending an email to reinhart@flsd.uscourts.gov. The subject line of the email shall be "Request for Discovery Hearing". The email shall provide the Court with **two afternoons in the following seven business days where all parties are available.** The email shall state the amount of time that the parties anticipate needing for the hearing. The email shall be **copied to all counsel**, and shall certify that the moving party has conferred with opposing counsel and **confirmed opposing counsel's availability on the proposed dates**. The Court will enter an order setting the hearing.

**Counsel are required to appear in person at the discovery hearing unless otherwise excused by the Court.**

At least 48 hours prior to the scheduled hearing, the parties shall file a joint discovery memorandum of five pages or less (1) specifying the substance of the discovery matter to be heard, (2) certifying that the parties have complied with the pre-hearing communication requirement set forth above, and (3) attaching a copy of all source materials relevant to the discovery dispute (e.g., if the dispute concerns interrogatories, the interrogatories at issue and any responses thereto shall be provided to Chambers). A sample format for the joint discovery memorandum is attached as Appendix 1 to this Order. This procedure does not apply to objections to third-party subpoenas.

**C.** **Encouraging Participation by Less-Experienced Lawyers:** Ordinarily, only one lawyer for each party may argue at the discovery hearing. Nevertheless, the Court has a strong commitment to supporting the development of our next generation of lawyers. The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue in court. A party should advise the Court prior to the beginning of the hearing if a lawyer of 5 or fewer years of experience will be arguing the matter.  In that event, the Court will allow multiple lawyers to argue on behalf of that party

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 3rd day of June, 2021.

BRUCE REINHART
United States Magistrate Judge

**APPENDIX 1**

The parties certify that they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court

1. The parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 5, 6-9. Plaintiff asserts that the time frame should be limited to because [legal basis for position, such as relevance, undue burden, disproportionate]. Defendant believes the proper time frame is .

2. Defendant objects to Request for Production 3. Defendant has produced in response to the Request, believes that additional documents exist, but objects to the production of those documents because . Plaintiff believes that all the materials sought by the Requests are [relevant/proportional/not unduly burdensome] because _____.

3. Plaintiff objects to Request for Production 9, which calls for production of voluminous documents/electronic communications. Plaintiff asserts that it will be unduly burdensome and costly to conduct searches to identify if responsive documents exist. Defendant asserts that, to minimize cost and burden, it has proposed to limit the time frame of the request and has offered search terms as follows: .

4. Plaintiff objects to Interrogatory 7 because it would require disclosure of communications and materials protected by the attorney-client/work product privilege. Defendant asserts that no privilege exists because .

Copies of the relevant discovery requests and related pleadings are attached, as follows:

1. Plaintiff's First Interrogatories and Defendant's Response and Objections

2. Defendant's Request for Production and Plaintiff's Objections