UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-82389-AMC

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JON P. RUGGLES,

      Defendant.
_____/

**UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS**

      The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Government filed its Complaint on December 23, 2020 (D.E. 1), and the Defendant filed his Answer and Affirmative Defenses on March 10, 2021, acknowledging the entry of a prior final administrative order. (D.E. 12, ¶ 3).

    **I.**    **Relevant Admitted Facts & Authorities**

      The Government filed this action to recover a civil monetary penalty ("CMP") and disgorgement imposed under section 9 of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 9 (D.E. 1). The Commodity Futures Trading Commission ("CFTC") is charged with the administration and enforcement of the CEA, 7 U.S.C. §§ 1-26, and Regulations, 17 C.F.R. pts. 1-190, and is authorized to initiate administrative actions to enforce the CEA and relevant regulations, and to impose penalties for violations. 7 U.S.C. § 9(4), (10).

It is uncontested that the CFTC rendered a final administrative decision against Defendant Jon P. Ruggles on September 29, 2016, which was the result of a Mr. Ruggles' settlement with the agency. (D.E. 1, ¶ 3, D.E. 12, ¶ 3; D.E. 1 Exhibit A; D.E. 12, *First Affirmative Defense*). That final decision was incorporated into the Government's Complaint, and described the facts underlying the assessment of penalties against Defendant Ruggles. (D.E. 1, Exhibit A).

The Order imposing penalties against Defendant Ruggles was entered by consent to resolve anticipated administrative proceedings involving multiple violations of the CEA. (D.E. 1, Exhibit A, p. 1, 6-9). Specifically, the Order determined that Defendant Ruggles committed fraud regarding trading futures and options, and that Ruggles participated in fictitious and noncompetitive trading activity. *Id*.

Defendant Ruggles waived his right to judicial review by any court of the findings and penalties contained in the Order. *Id*. at p. 10. By its terms, Mr. Ruggles was required to pay a civil monetary penalty in the amount of one million, seven hundred and fifty thousand dollars ($1,750,000), and disgorgement in the amount of three million, five hundred and one thousand, three hundred and six dollars ($3,501,306). *Id*. at p. 11. The disgorgement obligation was to be paid in installments, the final payment being due within 42 months of the entry of the Order, on or before March of 2020. *Id*. Both the civil monetary penalty and the disgorgement obligation accrue interest pursuant to 28 U.S.C. § 1961. *Id*. p. 11, 13. Accordingly, the effective interest rate

on the civil monetary penalty and the disgorgement obligation is 0.60%. *Id*.; (D.E. 1 Exhibit B)[1].

The Order further provided:

> If any payment is not made by the date the payment is required by this Order, the entire outstanding balance of the Disgorgement Obligation and the CMP Obligation, plus any additional post-judgment interest, shall be due and payable immediately, without further application. *Id*. at p. 11.

> Respondent understands and agrees that any acceptance by the Commission of any partial payment of Respondent's Disgorgement Obligation or CMP Obligation shall not be deemed a waiver of his obligation to make further payments pursuant to this Order, or a waiver of the Commissions right to seek to compel payment of any remaining balance. *Id*. at p. 13.

A final administrative decision by the CFTC is reviewable exclusively in the United States Court of Appeals.  7 U.S.C. § 9(11)(B)(ii); *Arnold v. Commodity Futures Trading Com'n,* 987 F. Supp. 1463, 1466 (S.D. Fla 1997) ("(T)he plain language of the Act specifically vests exclusive authority in the court of appeals to review CFTC orders addressing violations of CFTC rules."). Accordingly, the authority to affirm, set aside, or modify the orders of the CFTC lies exclusively with a circuit court of appeals. *Id*.; 7 U.S.C. § 9(11)(C)(iii). Any petition for review must be filed within 15 days. 7 U.S.C. § 9(11)(B)(ii). Defendant Ruggles did not seek review of the administrative decision.  The CEA provides for enforcement of a money penalty in the district court:

>  Once a final administrative decision has been rendered, if the person against whom the money penalty is assessed fails to pay such penalty after the lapse of the period allowed for appeal, the Commission may refer the matter to the Attorney General who shall recover such penalty by action in the appropriate United States district court. 7 U.S.C. § 9a(3).

---

[1] Judgment interest pursuant to 28 U.S.C. § 1961 is the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of entry of the order, that rate being available at federalreserve.gov. The Government seeks simple interest at 0.60% from the date of the administrative order through the date of judgment on the principal balance of $3,780,045. Interest through August 26, 2021, calculated at 62.1377 daily for 1792 days is $111,350.79.

3

Defendant Ruggles has paid only one million four hundred seventy-one thousand two hundred sixty-one dollars $1,471,261 to date. (D.E. 1, ¶ 4, D.E. 12, ¶ 4).  In his sole affirmative defense, Mr. Ruggles argues generally that he was unable to pay the amounts owed as the result of his tax liabilities, and partnership squabbles which prevented the sale of his interest in NARL Refining LP.  (D.E. 12, *First Affirmative Defense)*.

## II.   Standard for Motion for Judgment on the Pleadings

Pursuant to Federal Rule Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed.  Fed. R. Civ. P. 12(c). "Pleadings are closed within the meaning of Rule 12(c) if no counter or cross claims are at issue when a complaint and answer have been filed." *Maniaci v. Georgetown University*, 510 F.Supp.2d 50, 60 (D.D.C. 2007). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustments, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). "The pleadings considered by the court on a motion for judgment on the pleadings include the complaint, answers, and the exhibits thereto." *Princeton Express v. DM Ventures USA LLC*, 209 F.Supp.3d 1252, 1255 (S.D. Fla 2016) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)).

## III.  The Government is Entitled to Judgment as a Matter of Law

This case is an action to collect a CMP and a disgorgement obligation fully and finally adjudicated in a prior administrative action.  The Defendant's failure to pay as required by the administrative order is apparent in the record.  The $3,501,306 disgorgement obligation was required to be paid in full on or before March of 2020, and to date the Defendant has paid only $1,471,261. The consequence of this default is plainly described in the final order, and the CMP

and disgorgement obligation are now due in full immediately. (D.E. 1, Exhibit A, p. 11) (" If any payment is not made by the date the payment is required by this Order, the entire outstanding balance of the Disgorgement Obligation and the CMP Obligation, plus any additional post-judgment interest, shall be due and payable immediately…").

Where a party is given a direct and exclusive means to gain judicial review of agency action, and fails to do so, neither the existence of the violation nor the propriety of the penalty assessed may be retried in the district court action to collect. *See United States v. Howard Electric Company*, 789 F.2d 392, 395 (10th Cir. 1986); *See United States v. Miller*, 1994 WL 409587, *4 (D. Kan. June 22, 1994). The determination of any violation and penalty is left to the administrative process and is not under consideration in a collection action. *Id.* As described above, a final administrative decision by the CFTC is reviewable exclusively in the United States Court of Appeals. 7 U.S.C. § 9(11)(B)(ii). Accordingly, the CMP and disgorgement obligation imposed against the Defendant Ruggles in the administrative action is final and conclusive.

Mr. Ruggles does not assert in his Answer that the CMP or the disgorgement obligation has been paid. *See Paladin Shipping Co. Ltd. v. Star Capital Fund LLC*, 491 Fed.Appx. 42, 44 (11th Cir. 2012)("Payment is an affirmative defense, the burden of proof of which rests upon the defendant"). Mr. Ruggles' only defense to the action is a claimed inability to pay based upon circumstances beyond his control. However, an inability to pay does not serve as a defense to the entry of judgment.

In a similar action, *Securities and Exchange Commission v. Glaza,* the SEC filed a complaint and motion for judgment on the pleadings, seeking judgment on a final SEC order entered against the Defendant Glaza. No. 05-CV-02571 WDM, 2006 WL 650124, *1 (D. Colo. March 13, 2006). The Defendant raised an affirmative defense to the Complaint, indicating an

inability to pay as required by the administrative order. *Id*. The Court granted the motion for judgment on the pleadings, indicating that while the Government did not address the defense of inability to pay, it was "unaware of any authority establishing lack of monetary resources as a defense to the entry of judgment on an SEC order." *Id.* Similarly, the Government is not aware of any authority establishing that an inability to pay serves as a defense to the entry of judgment on a CFTC order. Inability to pay as a defense to the entry of judgment has been rejected by at least two other courts. *See Butler v. Ross*, 16-CV-1282, 2017 WL 4876303, *2 (S.D.N.Y. Oct. 27, 2017) ("Inability to pay can be a defense to a contempt charge after a judgment has been entered…(b)ut it is not an affirmative defense that (a defendant) can rely on to avoid judgment.") *See Hotel, Motel & Restaurant Employees & Bartenders Union, Local 471, AFL-CIO*, 731 F.Supp 88, 92 (N.D.N.Y. Feb. 27, 1990) ("Inability to pay is not a defense to a judgment"). Given the absence of disputed facts, and the finality of the prior administrative proceedings, the Government is entitled to Judgment as a matter of law.

WHEREFORE, Plaintiff, the United States of America asks that its Motion for Judgment on the Pleadings be granted, and that judgment enter against Defendant Jon P. Ruggles in the amount of $3,780,045, plus interest which has accrued since the entry of the administrative order.

Dated: August 26, 2021  Respectfully submitted,

                                                                      **JUAN ANTONIO GONZALEZ**
                                                                      **ACTING UNITED STATES ATTORNEY**

By: _____
Brett R. Geiger
Assistant U.S. Attorney
Fla. Bar No. A5502622
99 N. E. 4th Street, Suite 300
Miami, Florida 33132-2111
Tel No. (305) 961-9190
E-mail: Brett.Geiger@usdoj.gov