UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-82389-AMC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JON P. RUGGLES,

    Defendant.
_____/

**JON P. RUGGLES' RESPONSE IN OPPOSITION TO UNITED STATES OF AMERICA's MOTION FOR JUDGEMENT ON THE PLEADINGS [DE-28] AND INCORPORATED MEMORANDUM OF LAW**

Defendant Jon P. Ruggles, pursuant to Southern District of Florida Local Rule 7.1(c), opposes Plaintiff United States of America's Motion for Judgment on the Pleadings [DE-28] and in supports states:

**PRELIMINARY STATEMENT**

This is a collection action brought by the United States on behalf of the Commodity Futures Trading Commission ("CFTC"). The Government seeks to collect $1,750,000 in the form of a civil monetary penalty and $3,501,306 in disgorgement. In its motion, the Government acknowledges that Ruggles has paid more than $1.4 million towards the claimed amounts. [DE-28 at 4]. For some reason, however, the Government's recitation of "Relevant Admitted Facts & Authorities," *id.* at 1-4, makes no mention of Ruggles' own pleading.

In his answer and affirmative defense, Ruggles' alleged that the contingencies upon which the parties' settlement were based were not satisfied. [DE-12 at 2-3]. Ruggles alleged that he engaged in extensive correspondence with the CFTC beginning in February 2018. *Id.* at 2. In that

correspondence, Ruggles explained that his original settlement with the CFTC was premised on two assumptions: (1) that the amounts paid towards the disgorgement would be deductible from his overall tax liability in the U.S. and (2) that he would realize a certain degree of efficiency given that he resided in the U.S. but earned the bulk of his income from Canada.  *Id.*

As of early 2018, Ruggles was essentially being whipsawed between two inconsistent tax regimes.  *Id*.  The combination of U.S. tax laws and the aggressive over-withholding of income by the Canadian tax authorities frustrated Ruggles' ability to pay.  *Id*.  At that point, however, Ruggles believed that he would soon be able to free up sufficient funds.  *Id*.  As Ruggles explained to the CFTC, he believed that the sale of North Atlantic (NARL Refining LP), a company valued at $600 million and in which he owned a seven percent stake, was imminent.  *Id.* at 2-3.  To back up his claim, Ruggles offered to provide the CFTC with audited financial statements for North Atlantic.  *Id.* at 3.

Ruggles' situation had not improved by March 2018 when he provided the CFTC a further update.  *Id*.  Notably, the CFTC responded to Ruggles' March correspondence acknowledging that it "appreciate[d] the challenges you are facing . . . ."  *Id*.  In April, Ruggles advised the CFTC that a payment would be forthcoming.  *Id*.  Unfortunately, Ruggles continued to be hamstrung by the Canadian tax authorities and the internal partnership squabbles delaying the sale of North Atlantic.  *Id*.

These allegations form a critical part of the pleadings.  The Government, however, has glanced over these facts.  Moreover, the Government attempts to characterize these allegations as establishing little more than an inability to pay.  This, argues the Government, is not a defense to its collection action.  As further demonstrated below, the Government is mistaken on several fronts.  The Government's mistake derives from its failure to properly analyze the standard for

granting judgment on the pleadings; its misapplication of the standard to the facts here; and its wholesale mischaracterization of Ruggles' pleading.

Accordingly, the Government's Motion for Judgment on the Pleadings [DE-28] should be denied.

## MEMORANDUM

The Government's perfunctory motion makes no mention of Ruggles' pleading. In seeking judgment on the pleadings, the Government offers no reference to the fact, as alleged by Ruggles, that at least two of the contingencies assumed by the parties in negotiating a resolution of the CFTC's administrative action were not fulfilled. Moreover, the Government offers no response to the fact that the CFTC acknowledged the "challenges" Ruggles faced in light of the fact that the contingencies underlying the parties' agreement failed to occur. As further discussed below, District Courts have adopted a restrictive approach to ruling on motions for judgment on the pleadings. A motion will not be granted where, as here, the pleadings make clear that there are additional factual issues that should be further developed.

### A. Rule 12(c) Imposes a Restrictive Standard.

The Government's single-paragraph analysis of the standard for judgment on the pleadings is severely lacking [DE-28 at 4], particularly in light of the remedy it seeks. A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and a motion to dismiss under Rule 12(b)(6) "are generally governed by the same standard." *Ballard Hospitality, LLC v. DGD Transp., LLC*, Case No. 1:18-cv-22556-JEM-(AJ), 2019 WL 12372063, *1 (S.D. Fla. Mar. 28, 2019). "Under both rules, the motion should be denied if there is an area that needs further development to determine if the movant is entitled to judgment as a matter of law." *Id*. (quoting

*Walco Inv., Inc. v. Thenen*, 881 F. Supp. 1576, 1584 (S. D. Fla. 1995) (internal quotation marks omitted)).

Federal courts "have applied a fairly restrictive standard in ruling on motions for judgment on the pleadings." *Id*. (quoting *Bryan Ashley Int'l., Inc. v. Shelby Williams Indus., Inc.*, 932 F. Supp. 290, 291 (S.D. Fla. 1996)). District Courts should deny a motion for judgment on the pleadings "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.*

In his answer and affirmative defense, Ruggles alleged that there were certain contingencies assumed by the parties as part of their settlement agreement. [DE-12 at 2-3]. The failure of these contingencies to occur frustrated his ability to perform his end of the bargain. *Id.* Critically, the Government acknowledged as much in its written correspondence with Ruggles as set forth in his affirmative defense. *Id.* at 3. The Government glosses over these critical facts despite the fact that when applied to the controlling law the require denial of its motion.

**B. There is No Basis for Granting Judgment on the Pleadings.**

**1. The Government Mischaracterizes Ruggles' Pleading.**

The Government initially urges that "neither the existence of the violation nor the propriety of the penalty assessed may be retried in the district court action to collect." [DE-28 at 5 (citations omitted)]. It adds that Ruggles has not asserted that "the disgorgement obligation has been paid." *Id*. (citation omitted). Ruggles need not assert either of these points in order to defeat the Government's motion. Indeed, this argument stems, as further discussed below, from the Government's own misunderstanding of Ruggles' position here.

Misreading Ruggles' pleading, the Government adds that a party's inability to pay is not a defense to a collection action. [DE-28 at 5-6]. As noted above, Ruggles pled that his original

4

settlement with the CFTC was premised on two assumptions: (1) that the amounts paid towards the disgorgement would be deductible from his overall tax liability in the U.S. and (2) that he would be able to realize a certain degree of efficiency given that he resided in the U.S. but earned the bulk of his income from Canada. [DE-12 at 2]. Simply put, the failure of these two contingencies frustrated Ruggles' ability to comply with the terms of the parties' agreement.

Frustration of purpose – also known as commercial frustration – "is generally understood as an affirmative defense to the enforcement of a contract." *Siegal v. GEICO Cas. Co.*, Case No. 1:20-cv-04306, 2021 WL 825667, *3 (N.D. Ill. Mar. 4, 2021) (internal citations omitted)). The defense requires evidence that (1) the frustrating event was not reasonably foreseeable and (2) the value of counter performance has been totally or nearly totally destroyed by the frustrating event." *Id*. at *3 (internal citation omitted).

The Government will likely argue that Ruggles has not alleged sufficient facts to establish this defense. It will ask this Court to effectively strike the defense by granting judgment on the pleadings. But that would be error. "[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Harapeti v. CBS Television Stations, Inc.*, Case No. 20-CV-20961-Williams/Louis, 2021 WL 1854141, *1 (S.D. Fla. May 10, 2021) (internal citations omitted)). "Only when an affirmative defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law should it be stricken." *Id*. at *1 (internal citations and quotation marks omitted).

Here, Ruggles' affirmative defense offers a detailed series of allegations – certainly beyond those required by Rule 8(c) – to establish his claim of frustration of purpose or impossibility. Ruggles alleges the existence of two specific contingencies; he has pled the failure of those

contingencies; and he has explained how the failure of those contingencies effectively frustrated or rendered his ability to comply impossible. [DE-12 at 2-3].

The Government may respond that the existence of the contingencies as well as their impact on Ruggles' ability to pay have not been proven. That argument is premature and only strengthens Ruggles' position here. As Ruggles explained above, under the restrictive standard applied by District Courts, judgment on the pleadings should only be granted if there are no material issues of fact left to be resolved. *Walco Inv., Inc.*, 881 F. Supp. at 1584. If, as here, there is an area that "needs further development," judgment should be denied. *Id*.

Because Ruggles is not required to prove his defense at this point and because the allegations raise several material issues of fact, the Government cannot short-circuit that defense through a motion for judgment on the pleadings. To do so would be considered a "drastic remedy" that is "often disfavored." *Harapeti*, 2021 WL 1854141 at *1 (internal citation omitted).

## 2. The Government Has Failed to Show that Inability to Pay is Not a Valid Defense.

Contrary to its assertion [DE-28 at 5-6], the Government has not shown that inability to pay is not a valid defense to its collection action. The plausibility of an affirmative defense is not, by itself, a basis for granting judgment on the pleadings. As demonstrated above, beyond simply satisfying the threshold pleading requirements imposed by Rule 8, a defendant is not required to plead and prove his defense in a single filing. The fact that the Government offers no authority to the contrary only strengthens the point.

To the extent that the Government offers any authority, it consists of three, out-of-district cases, all of which are distinguishable on their facts. *Butler v. Ross*, 16-CV1282, 2017 WL 4876303, *1-2 (S.D.N.Y. Oct. 27, 2017), involved a diversity action where the defendant sought to use New York's Mental Hygiene Law as a ruse to challenge the entry of a money judgment

based on his inability to pay. The court denied the motion finding that "a simple assertion of the inability to pay is insufficient in New York to avoid payment of a judgment." *Butler,* 2017 WL 4876303, *1-2. The Government's reliance on *Hotel, Motel & Rest. Emp. & Bartenders Union, Local 471, AFL-CIO,* 731 F. Supp. 88, 92 (N.D.N.Y. Feb. 27, 1990), is similarly misplaced. There, the District Court found that "[a] party's financial inability to pay has never been the basis for declining to confirm an arbitration award." (internal citation omitted).

The Government makes no effort to explain how a diversity case concerning New York's Mental Hygiene Law on the one hand, and a matter involving confirmation of an arbitral award on the other, relate to Ruggles' litigation here. If anything, Ruggles would contend that the District Courts in those cases may have been premature in their analysis. To the extent that there was a doubt as to whether or to what extent New York law or the law concerning confirmation of arbitral awards might preclude the entry or confirmation of a judgment or award, the motion should have been declined. *Walco Investments, Inc.*, 881 F. Supp. at 1584 (noting that judgment on the pleadings should be denied where an area "needs further development."). Regardless, neither case addresses the specific facts at issue here.

The Government's best case is *Securities and Exch. Comm'n v. Glaza,* No. 05-CV-02571, 2006 WL 650124, *1 (D. Colo. March 13, 2006). That case, however, is also distinguishable. In *Glaza*, the District Court entered judgment on the pleadings where the defendant neither disputed the entry of an administrative order, nor argued that it was invalid for any reason. *Id*. at *1. The court added that the defendant admitted that "he has failed to comply with the administrative order by not paying the ordered disgorgement, interest, and penalty." *Glaza*, at *1. Ruggles' case is different. As explained above, Ruggles has alleged that his ability to perform under the parties' agreement was frustrated or rendered impossible.

## CONCLUSION

In light of the restrictive standard applied by District Courts in evaluating motions for judgment on the pleadings, the significant material issues of fact that exist, the Government's failure to adequately analyze the applicable legal standard under Federal Rule of Civil Procedure 12(c), and its mischaracterization of Ruggles' pleading, this Court should deny the Motion for Judgment on the Pleadings [DE-28].

Dated: September 8, 2021

>Respectfully submitted,
>
>/s/     *Carlos F. Gonzalez*
>Carlos F. Gonzalez
>Florida Bar No. 0494631
>Carlos F. Gonzalez, P.A.
>2332 Galiano Street
>2nd Floor
>Coral Gables, Florida 33134
>Email:  cfg@carlosfgonzalez.com

## CERTIFICATE OF SERVICE

I certify that on September 8, 2021, I electronically served the foregoing document by electronic mail on Brett R. Geiger, Assistant U.S. Attorney, 99 N.E. 4th Street, Suite 300, Miami, Florida 33132-2111, at brett.geiger@usdoj.gov.

>/s/     *Carlos F. Gonzalez*
>Carlos F. Gonzalez