UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-82389-AMC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JON P. RUGGLES,

    Defendant.
_____/

## UNITED STATES' REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION OF JUDGMENT ON THE PLEADINGS

Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney, respectfully replies to Defendant Jon P. Ruggles Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings. [D.E. 30]. In his response, Defendant Ruggles does not dispute that $3,780,045 plus interest is owed and due pursuant to the terms of the Order Instituting Proceedings, which was entered by consent before the Commodity Futures Trading Commission (herein "CFTC Order"). Rather, the Defendant argues that two allegedly flawed assumptions regarding his tax liability prevent the entry of judgment on the CFTC Order. For the reasons that follow, the Defendant's affirmative defense fails as a matter of law, and entry of judgment on the pleadings is appropriate.

    I.    **Introduction**

As an initial matter, Ruggles incorrectly asserts that the Government's recitation of facts did not mention Ruggles' Answer and Affirmative Defenses. To the contrary, the Motion for Judgment on the Pleadings repeatedly references Ruggles' Answer [D.E. 12], including his

1

acknowledgment of the CFTC Order [D.E. 12, ¶ 3], the amount paid to date [D.E. 12, ¶ 4], and his Affirmative Defense [D.E. 12, *First Affirmative Defense*]. (United States' Motion for Judgment on the Pleadings, D.E. 28, at p. 2, 4).  The Government treated Mr. Ruggles' Affirmative Defense as one based upon an alleged inability to pay given the nature of the facts alleged. The Defendant argues in his Response that in addition to a defense based upon his inability to pay, the Affirmative Defense is also premised upon a theory of commercial frustration, and unmet contingencies related to his tax liabilities.

### II. Ruggles Cannot Avoid Judgment by Attempting to Incorporate a Contingency Into the Terms of the CFTC Order

Ruggles argues that mistakes regarding his future tax liability serve as contingencies to payment of the amounts required. Any such contingencies would drastically and improperly modify the terms of the CFTC Order.  As stated in the Government's Motion for Judgment, the CFTC Order was entered by consent as a result of Mr. Ruggles' settlement with the CFTC. Because the CFTC Order embodies the terms agreed between the Government and Mr. Ruggles, it is best understood as a consent decree. *Chisolm ex rel. CC v. Greenstein*, 876 F. Supp.2d 709, 712-13 (E.D. La. June 27, 2012)("A 'consent decree' is a court order that embodies the terms agreed upon by the parties as a compromise to litigation.")

It is well settled that a consent decree should be discerned "within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *United States v. Armour & Co.,* 402 U.S. 673, 682 (1971).  There is strong public policy against the imposition of obligations or conditions that are not unambiguously mandated by the decree itself. *See Pottinger v. City of Miami*, 805 F.3d 1293, 1300 (11th Cir. 2015)(*citing Reynolds v. Roberts*, 202 F.3d 1303, 1314 (11th Cir. 2000)("Long standing precedent evinces a strong public policy against judicial rewriting of consent decrees")). Furthermore, the intentions or expectations of the parties

to a consent decree are irrelevant to its interpretation, as the only relevant intention is that of the court as expressed in the decree. *See Gila Valley Irr. Dist. V. United States*, 118 F.2d 507, 510 (9th Cir. 1941).

The obligations of Mr. Ruggles to pay in the CFTC Order are unambiguous, and are not subject to any contingency. Within the four corners of the consent decree, the required payments and the consequences for non-payment are apparent. In the event that Mr. Ruggles fails to make the payments as ordered, the entire balance is "due and payable immediately, and without further application." [D.E. 1, Exhibit A, p. 11]. The intention of the Commission in its Order is clear and unambiguous. The CFTC Order makes no reference to Mr. Ruggles' financial circumstances, his tax liabilities, or his ability to pay. Given the absence of any contingency in the CFTC Order, financial or otherwise, the obligation to pay is unconditional.

Defendant Ruggles' alleged assumptions regarding income tax liability, even if proven, are not material to the Government's right to the entry of a judgment for amounts now owed. The financial contingency alleged by the Defendant is in no way referenced or implied within the consent decree. Ruggles references no language in the CFTC Order itself in support of his defense. Any affirmative defense based upon such a contingency is without support in the CFTC Order, and fails as a matter of law. All of the material facts relevant to the determination that the Government is entitled to judgment are agreed and apparent in the pleadings. Specifically, the pleadings show the entry of a final enforceable order, Mr. Ruggles' failure to comply with the terms of that order, and his default. Where no material facts are in dispute, judgment on the pleadings is appropriate. *Hawthorne v. Mac Adjustments, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998).

### III. Inability to Pay and Commercial Frustration are not Valid Defenses to Entry of Judgment on the Administrative Order

Mr. Ruggles argues that the doctrine of commercial frustration is a potential valid defense to the entry of a judgment. However, the Defendant does not cite a single point of authority for the proposition that commercial frustration is a defense available to a party that has difficulty making payments as ordered. In addition, the standard set forth by the Defendant undermines his position.

The test set forth in *Siegal v. GEICO Casualty Company* requires that a party claiming frustration of purpose establish that (1) the frustrating event was not reasonably foreseeable and (2) the value of counterperformance has been totally or nearly totally destroyed by the frustrating event. 2021 WL 825667, *3 (N.D. Ill. March 4, 2021). The *Siegal* case goes on to explain that the frustrating event "must totally or nearly totally destroy the value of performance" to the party claiming the defense. *Id.* The court provided an example of a qualifying event, describing the refusal of a tenant to occupy a small leased premises after the connecting main store burned to the ground. *Id.* Accordingly, in order for frustration of purpose to serve as a defense, the value of the CFTC Order to Mr. Ruggles must be nearly totally destroyed.

Putting the first prong and the foreseeability of income taxes aside, Ruggles' offers no explanation as to how any financial difficulty or misconception regarding tax liability could totally or nearly totally destroy the value of the consent decree. The CFTC Order is an agreement which eliminated the risk of continued litigation for both parties upon the terms established by the Order. The parties still benefit from that limitation of risk, and the resolution of the contested matter before the CFTC. Mr. Ruggles' liability remains limited to his obligations in the CFTC Order, which is precisely what he bargained for, and what he is now attempting to avoid.

The Defendant acknowledges that *Securities and Exchange Commission v. Glaza* is a case that supports the Government's position, and is an example of a motion for judgment on the pleadings being granted in almost identical circumstances. No. 05-CV-02571 WDM, 2006 WL 650124, *1 (D. Colo. March 13, 2006). Mr. Ruggles attempts to distinguish the *Glaza* case by stating that the Defendant in *Glaza* did not "dispute the entry of an administrative order," or "argue that it was invalid for any reason." The pleadings do not reveal any such contest by Mr. Ruggles, who acknowledges the entry of the order and the failure to pay as required. If there is some objection to the entry of the CFTC Order, or any challenge to its validity, it is not contained in Mr. Ruggles answer, affirmative defenses, or his response to the Motion for Judgment on the Pleadings. Furthermore, any challenge to the entry or validity of the CFTC Order is not at issue in this case, and cannot be addressed by this Court. As set forth in greater detail in the Government's initial Motion for Judgment on the Pleadings, a final administrative decision by the CFTC is reviewable exclusively in the United States Court of Appeals. 7 U.S.C. § 9(11)(B)(ii); *See United States v. Howard Electric Company*, 798 F.2d 392, 395 (10th Cir. 1986); *See United States v. Miller*, 1994 WL 409587, *4 (D. Kan. June 22, 1994)("(T)he Commission's final order is as conclusive as if rendered after litigation on the merits."). Accordingly, any contest to the validity or entry of the CFTC Order fails as a matter of law in this Court.

Finally, while the Defendant attempts to distinguish the cases cited by the Government regarding Mr. Ruggles defense of inability to pay, it does not cite a single case for the proposition that inability to pay can serve as a defense to the entry of judgment. Every case cited in the parties' briefs that addresses this issue reaches the same conclusion: inability to pay is not a defense to an action on an agreement or order to pay. *See Lewis v. Harcliff Coal Co.*, 237

F.Supp. 6, 8 (W.D. Pa. January 7, 1965)("Inability to pay is not equivalent to the doctrine of impossibility of performance of contract law. A person on relief could validly oblige himself on a judgment note for a million dollars"); *See Days Inn of America, Inc. v. Patel*, 88 F.Supp.2d 928, 933 (C.D. Ill. April 5, 2000)("(S)imple inability to pay does not create an impossibility or impracticality which excuses a party's performance of his contractual obligations; *See Butler v. Ross*, 16-CV-1282, 2017 WL 4876303, *2 (S.D.N.Y. Oct. 27, 2017) ("Inability to pay can be a defense to a contempt charge after a judgment has been entered…(b)ut it is not an affirmative defense that (a defendant) can rely on to avoid judgment.")  *See Hotel, Motel & Restaurant Employees & Bartenders Union, Local 471, AFL-CIO*, 731 F.Supp. 88, 92 (N.D.N.Y. Feb. 27, 1990) ("Inability to pay is not a defense to a judgment").

While an inability to pay may be relevant to the collection and enforcement of a judgment, it is not material to a determination that judgment should enter. Given the absence of material disputed facts, and the finality of the prior administrative proceedings, the Government is entitled to judgment as a matter of law.

WHEREFORE, Plaintiff, the United States of America asks that its Motion for Judgment on the Pleadings be granted, and that judgment enter against Defendant Jon P. Ruggles in the amount of $3,780,045, plus interest which has accrued since the entry of the administrative order.

Dated:  September 15, 2021                      Respectfully submitted,

                                                  **JUAN ANTONIO GONZALEZ**
                                                  **ACTING UNITED STATES ATTORNEY**

                                        By:  /s/ Brett R. Geiger
                                        Brett R. Geiger
                                        Assistant U.S. Attorney
                                        Fla. Bar No. A5502622
                                        99 N. E. 4th Street, Suite 300
                                        Miami, Florida 33132-2111
                                        Tel No. (305) 961-9190
                                        E-mail: Brett.Geiger@usdoj.gov