UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-82389-AMC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JON P. RUGGLES,

    Defendant.
_____/

## UNITED STATES' MOTION FOR SUMMARY JUDGMENT WITH SUPPORTING MEMORANDUM OF LAW

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Rules 7.1 and 56.1 of the Local Rules of the United States District Court for the Southern District of Florida, moves for summary judgment in its favor and against Defendant Jon P. Ruggles.[1]

### Memorandum of Law

**I.    Commodity Exchange Act**

The Government filed this action to recover a civil monetary penalty ("CMP") and

---

[1] The United States has concurrently filed at E.C.F. 35 and 36 the parties Joint Statement of Undisputed Material Facts ("Parties Joint Statement") and the United States Statement of Undisputed Material Facts, together with United States' First Interrogatories to Defendant Jon P. Ruggles ("USA INT"), Defendant Jon P. Ruggles Objections and Responses to Plaintiff's Interrogatories ("Ruggles First Interrogatory Response"), Defendant Jon P. Ruggles Supplemental Responses to United States' Interrogatories and Incorporated Documents Produced ("Ruggles Supplemental Interrogatory Response"), a Certified Copy of the CFTC Order Instituting Proceedings ("CFTC Order"), Defendant Jon. P. Ruggles Objections and Responses to United States of America's First Request for Admissions ("Ruggles Admissions"), Sworn Certificate of Indebtedness by CFTC Accounting Officer Keith Ingram ("Certificate of Indebtedness"), and Emails between Defendant Ruggles and the CFTC ("2018 E-mails").

1

disgorgement imposed under section 9 of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 9 (D.E. 1). The Commodity Futures Trading Commission ("CFTC") is charged with the administration and enforcement of the CEA, 7 U.S.C. § § 1-26, and Regulations, 17 C.F.R. pts. 1-190, and is authorized to initiate administrative actions to enforce the CEA and relevant regulations, and to impose penalties for violations. 7 U.S.C. § 9(4), (10).

A final administrative decision by the CFTC is reviewable exclusively in the United States Court of Appeals.  7 U.S.C. § 9(11)(B)(ii); *Arnold v. Commodity Futures Trading Com'n*, 987 F. Supp. 1463, 1466 (S.D. Fla 1997) ("(T)he plain language of the Act specifically vests exclusive authority in the court of appeals to review CFTC orders addressing violations of CFTC rules."). Accordingly, the authority to affirm, set aside, or modify the orders of the CFTC lies exclusively with a circuit court of appeals. *Id*.; 7 U.S.C. § 9(11)(C)(iii). Any petition for review must be filed within 15 days. 7 U.S.C. § 9(11)(B)(ii).

The CEA provides for enforcement of a final money penalty in the district court:

> Once a final administrative decision has been rendered, if the person against whom the money penalty is assessed fails to pay such penalty after the lapse of the period allowed for appeal, the Commission may refer the matter to the Attorney General who shall recover such penalty by action in the appropriate United States district court. 7 U.S.C. § 9a(3).

Where a party is given a direct and exclusive means to gain judicial review of agency action, and fails to do so, neither the existence of the violation nor the propriety of the penalty assessed may be retried in the district court action to collect. *See United States v. Howard Electric Company*, 789 F.2d 392, 395 (10th Cir. 1986); *See United States v. Miller*, 1994 WL 409587, *4 (D. Kan. June 22, 1994).  The determination of any violation and penalty is left to the administrative process and is not under consideration in a collection action. *Id.*

Defendant Ruggles did not seek review of the CFTC Order. As cited above, where a Defendant fails to pay the amounts required by a final administrative order, the Government is entitled to recover those unpaid amounts in the appropriate United States district court. 7 U.S.C. § 9(a)(3).

**II.  Standard for Motion for Summary Judgment**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1231-32 (11th Cir. 2011); *Alvarez v. royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263-64 (11th Cir. 2010). The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those "particular parts of materials in the record, …which is believes demonstrate the absence of a genuine issue of material fact," (Fed. R. Civ. P. 56(c)(1)(A), (B)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party does not bear the burden of proof on a claim or defense, the moving party's initial burden may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex* at 325. There is a genuine issue of material fact only if the nonmoving party produces evidence such that a reasonable factfinder could return a verdict in his favor. *Greenberg v. BellSouth Telecommunications, Inc.¸* 498 F.3d 1258, 1263 (11th Cir. 2007).

**III.  The Government is Entitled to Summary Judgment on its Claim to Recover the CMP and Disgorgement Obligation.**

The CMP and a disgorgement obligation of Defendant Ruggles was fully and finally adjudicated in a prior administrative action, as set forth in the Order Instituting Proceedings Pursuant to Section 6(c) and 6(d) of the Commodity Exchange Act, Making Findings and Imposing Remedial Sanctions ("CFTC Order"). (Parties Joint Statement, D.E. 35, Exhibit D;

3

D.E. 1, ¶ 3; D.E. 12, ¶ 3; D.E. 1, Exhibit A; D.E. 12, *First Affirmative Defense*; Ruggles Admissions, p. 2-3, Response No. 1 & 2; Certificate of Indebtedness). The CFTC Order imposing penalties against Defendant Ruggles was entered by consent to resolve anticipated administrative proceedings involving multiple violations of the Commodity Exchange Act ("CEA"). (CFTC Order, p. 1, 9-10). The Defendant waived his right to judicial review by any court of the findings and the penalties contained in the Order. (CFTC Order, p. 10, § VI(c)(4)).

It is undisputed that the Defendant failed to pay as required by the administrative order. The $3,501,306 disgorgement obligation was required to be paid in full within 42 months of the entry of the CFTC Order, on or before March of 2020. (Parties Joint Statement, D.E. 35 ¶ 9; CFTC Order, p. 11, § VII(B)(1)-(4)). To date, the Defendant has paid only $1,471,261, consisting of a payment of $1,051,261 in September of 2016, a payment of $175,000 in March of 2017, and a payment of $245,000 in June of 2018. (Parties Joint Statement, D.E. 35, ¶ 12; D.E. 1 ¶ 4, D.E. 12, ¶ 4; Ruggles Supplementary Interrogatory Responses, p. 2; Certificate of Indebtedness).

The consequence of this default is plainly described in the final order, which provided that if any payment was not made by the date the payment was required, the CMP and disgorgement obligation, plus interest, would be due in full immediately. (CFTC Order, p. 11, § VII(B)) (" If any payment is not made by the date the payment is required by this Order, the entire outstanding balance of the Disgorgement Obligation and the CMP Obligation, plus any additional post-judgment interest, shall be due and payable immediately…").

The amount of interest accruing on the CMP and disgorgement obligation is similarly undisputed. Both the civil monetary penalty and the disgorgement obligation accrue interest at the rate of 0.60% from the date of the administrative order through the date of judgment. (CFTC

Order, pp. 11, 13 §§ VII (B), VII (D)(3); Ruggles Admissions, p. 7, Response No. 8; Certificate of Indebtedness). As of November 10, 2021, Ruggles is obligated to pay CMP and disgorgement amounting to $3,899,204.67.  This amount represents the following: (a) the CMP principal judgment of $1,750,000 plus post judgment interest of $55,119.01; and (b) the disgorgement principal judgment of $2,030,045 plus post judgment interest of $64,040.66. (Certificate of Indebtedness).  Interest continues to accrue on the balance at the rate of 0.60% until judgment is entered.

Accordingly, the CMP and disgorgement obligation imposed against the Defendant Ruggles in the administrative action is final and conclusive, and the Government is entitled to Judgment for the full amount remaining owed.

**IV.     The Affirmative Defense of the Defendant is Legally Insufficient**

The Defendant has raised a single affirmative defense to the claims of the Government, which is insufficient as a matter of law, and which is not supported by evidence.  The Government previously filed a Motion for Judgment on the Pleadings, which is fully briefed and remains pending [D.E. 28]. The Defendant opposed that Motion, claiming that its affirmative defense based upon an inability to pay, commercial frustration, and/or unmet contingencies related to his tax liabilities should act to prevent judgment.  The Government addressed the deficiency of these defenses as a matter of law in its Reply. [D.E. 32]. To avoid undue repetition, the Government incorporates those arguments in full into this Motion and will only briefly address the law regarding these claims.

   **i.     Inability to Pay**

While inability to pay may be relevant to the collection and enforcement of a judgment, it is not relevant to the Government's right to enforce the CFTC Order according to its terms.  The

only cases addressing such an argument have uniformly held that inability to pay is not a defense to entry of judgment in an action on an agreement or order to pay. *See Lewis v. Harcliff Coal Co.*, 237 F.Supp. 6, 8 (W.D. Pa. January 7, 1965)("Inability to pay is not equivalent to the doctrine of impossibility of performance of contract law. A person on relief could validly oblige himself on a judgment note for a million dollars"); *See Days Inn of America, Inc. v. Patel*, 88 F.Supp.2d 928, 933 (C.D. Ill. April 5, 2000)("(S)imple inability to pay does not create an impossibility or impracticality which excuses a party's performance of his contractual obligations; *See Butler v. Ross*, 16-CV-1282, 2017 WL 4876303, *2 (S.D.N.Y. Oct. 27, 2017) ("Inability to pay can be a defense to a contempt charge after a judgment has been entered…(b)ut it is not an affirmative defense that (a defendant) can rely on to avoid judgment.")  *See Hotel, Motel & Restaurant Employees & Bartenders Union, Local 471, AFL-CIO*, 731 F.Supp. 88, 92 (N.D.N.Y. Feb. 27, 1990) ("Inability to pay is not a defense to a judgment").

  ii.  **Commercial Frustration**

  Mr. Ruggles has also argued that commercial frustration eliminates the obligation of the Defendant to pay as required by the CFTC Order.  Any defense based upon commercial frustration would require a showing that the value of counter-performance by the CFTC had been totally or nearly totally destroyed by the frustrating event.  *Siegal v. GEICO Casualty Company*, 2021 WL 825667, *3 (N.D. Ill. March 4, 2021).  The CFTC Order is an agreement which eliminated the risk of continued litigation for both parties upon the terms established by the Order.  The parties still benefit from that limitation of risk, and the resolution of the contested matter before the CFTC. That proceeding concluded upon the terms agreed by the parties.  Mr. Ruggles' liability remains limited to his obligations in the CFTC Order, which is precisely what he bargained for, and what he is now attempting to avoid.

### iii. The Record Further Demonstrates that Ruggles' Affirmative Defense based upon any contingency is Inadequate as a Matter of Law

The Defendant cannot establish that his obligation to pay was contingent upon his financial circumstances. The correspondence referenced by the Defendant in his affirmative defense supports that proposition. Mr. Ruggles obligation to pay was not in any way contingent upon his income tax liabilities, or the ability to make payment. All communications related to Mr. Ruggles obligation to pay took place electronically. (Parties Joint Statement, D.E. 35, ¶ 14; Ruggles Supplementary Interrogatory Response, p 1). The April 17, 2018 email from the CFTC to Mr. Ruggles referenced by the Defendant in his Affirmative Defense, in its entirety, reads as follows:

> Thank you for the update and the helpful information. We appreciate the challenges you are facing, but in order to demonstrate that you intend to abide by the payment plan set forth in the settlement order, and to avoid a determination that the amount you owe is uncollectible, it will be important for you to make a payment toward the settlement obligation this quarter. Please let us know if you do not expect to be able to do so.

(Parties Joint Statement, D.E. 35 Exhibit G, p. 2)

Two months later, on June 15, 2018, the CFTC sent a second email to the Defendant, which stated:

> The end of the second quarter is fast approaching, and we have received no additional information from you regarding when you plan on making a payment toward the settlement obligation. As I stated in my email below, if we do not receive some payment by the end of this quarter (June 30), the Division of Enforcement will consider whether to make a determination that your outstanding balance on the settlement obligation is uncollectible and should be referred for collection.
> Please update me with any information you have regarding this matter.

(Parties Joint Statement, D.E. 35 Exhibit G, p. 1)

The CFTC did not agree to extend or modify the obligation to pay. The emails from the agency merely reminded the Defendant that despite his current financial circumstances, his

obligation to pay remained, and that failure to pay as ordered would result in the order being referred for collection.  There are no communications from the CFTC which support the proposition that Mr. Ruggles' obligations were lifted, delayed, or modified.  Given the unambiguous requirements of the CFTC Order, and the consequences set forth therein in the event of default, the Government in entitled to judgment as a matter of law.

WHEREFORE, Plaintiff, the United States of America, asks that its Motion for Summary Judgment be granted, and that judgment enter against Defendant Jon P. Ruggles in the amount of $3,899,204.67, plus interest from the date of the Judgment.

Dated:  November 19, 2021                         Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
Brett R. Geiger
Assistant U.S. Attorney
Fla. Bar No. A5502622
99 N. E. 4th Street, Suite 300
Miami, Florida 33132-2111
Tel No. (305) 961-9190
E-mail: Brett.Geiger@usdoj.gov