UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-82389-AMC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JON P. RUGGLES,

    Defendant.
_____/

**UNITED STATES' REPLY TO JON P. RUGGLES' RESPONSE IN OPPOSITION TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

The United States of America, by and through the undersigned Assistant United States Attorney, for its Reply to Jon P. Ruggles' Response in Opposition to United States' Motion for Summary Judgment, states as follows:

    **I.    The Defendant has Failed to Make a Sufficient Showing Regarding his Affirmative Defense to Avoid Summary Judgment**

It is undisputed that Defendant Ruggles consented to the entry of the CFTC Order September 29th, 2016 to resolve anticipated administrative proceedings involving multiple violations of the Commodity Exchange Act. [D.E. 36, ¶ 1-2, D.E. 42, ¶ 1-2]. It is also undisputed that the Defendant waived his right to judicial review of any of the findings or penalties imposed by the Order. [D.E. 36, ¶ 3; D.E. 42, ¶ 3]. The total amount owed, as set forth in the Sworn Certificate of Indebtedness of Keith Ingram, is similarly undisputed. [D.E. 36, ¶ 4; D.E. 42, ¶ 4]

In his Response to the Motion for Summary Judgment, the Defendant asserts that his obligation to pay as set forth in the CFTC Order was contingent upon his resolution of tax issues

1

with the Canadian authorities and the receipt of certain monies from North Atlantic. This assertion however is totally unsupported, and indeed is contradicted by the record before the Court.

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Miller's Ale House, Inc., v. Boynton Carolina Ale House, LLC,* 702 F.3d 1312, 1316 (11th Cir. 2012). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id*. (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Entry of summary judgment is mandated where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Accordingly, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Electronics Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (citation omitted); *see also Walls v. Petrohawk Properties, LP*, 812 F.3d 621, 624 (8th Cir. 2015) ("Summary judgment involves the 'threshold inquiry of determining whether there is a need for trial – whether . . . there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477U.S. 242, 250 (1986)).

When the non-moving party bears the burden of proof on an issue at trial, a party moving for summary judgment on that issue may simply "point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Gonzalez v. Lee County Housing Authority,* 161 F.3d 1290, 1294 (11th Cir. 1998) (citing *Celotex* at 325). Mr. Ruggles has the

burden of proof to establish his affirmative defense. *See Inspired Pharma Solutions, LLC v. 5mRX LLC*, 2018 WL 659205, *1 (E.D. Mo. 2018) ("(C)ommercial frustration…is an affirmative defense to enforcement of a contract for which defendant bears the burden of proof"). "If the non-moving party fails to 'make a sufficient showing on an essential element of his case with respect to which he has the burden of proof,' then the court must enter summary judgment for the moving party." *Gonzalez* at 1294. The Defendant has failed to make a sufficient showing, as he has presented no proof that his obligation to pay under the CFTC Order was contingent upon his financial circumstances.

Emails exchanged between the Defendant and the agency between February and June of 2018, more than a year after the entry of the CFTC Order, are the only evidence cited by the Defendant in support of his affirmative defense. [D.E. 41, p. 4-8]. While these emails may provide some explanation regarding Mr. Ruggles' failure to pay as agreed, as with the Order itself, nothing stated by the Defendant or the Government in this correspondence establishes a contingency. Mr. Ruggles did not assert that payment was not due in his correspondence. Similarly, the CFTC attorney did not represent in any fashion that the obligations as set forth in the Order were conditional or contingent upon Mr. Ruggles income or tax obligations. To the contrary, the CFTC attorney stated that the balance was outstanding, that additional payments were needed to demonstrate the Defendant's intent to abide by the payment plan, and that the debt would be referred for collection if additional payments were not made. [D.E. 35-7, p. 1-2].

The Defendant also cites his pleadings in support of his opposition to the motion. [D.E. 41, p. 2]. However, when a motion for summary judgment is made and supported by the record, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P.

56(c)(1)(A); *Alberto v. Sec'Y, Wash. Dep't of Corr.,* 2020 WL 5519402, *2 (N.D. Fla. 2020)("On the other hand '[a]llegations in an unsworn complaint are not evidence for purposes of summary judgment.'"(citing *Chamblis v. Buckner,* 804 F. Supp. 2d 1240, 1248 n.6 (M.D. Ala. 2011)). Accordingly, the allegations contained in the Affirmative Defense cannot serve to support the Defendant's affirmative defense or create a genuine dispute of material fact.

In addition to the lack of proof from the Defendant, any defense based upon a contingency is addressed and foreclosed by the plain language of the CFTC Order. The Government introduced the CFTC Order as part of its Motion for Summary Judgment. (D.E. 35, Exhibit D). That consent decree sets the schedule for payment of the Disgorgement Obligation, establishes the consequences of default, and contains no contingencies related to tax liabilities or payments from the Defendant's corporate interests. *Id*. The consent decree must be discerned within its four corners. *United States v. Armour & Co.,* 402 U.S. 673, 682 (1971). In combination with the Defendant's acknowledged failure to make timely payment as required, the CFTC Order is determinative proof of the Government's right to judgment.

The Government can find no authority which establishes that commercial frustration may serve as a defense to entry of judgment on a consent decree, and the Defendant cites none. Even assuming the doctrine applies in these circumstances, the Defendant provides no proof or explanation as to why the payment of taxes, or delays in the sale of his corporate interests were not reasonably foreseeable at the time the order entered.

The Defendant recognizes in his Response that the value of the CFTC Order was the elimination of the risks and costs associated with continued litigation. [D.E. 41, p. 6] He goes on to argue that this value has been destroyed, because the Government did not forebear from further litigation. *Id.* This argument fails to recognize what is true of any settlement, stipulation,

4

or consent decree. Mr. Ruggles is only entitled to avoid continued litigation if he complies with the terms of the Order.  In the event that Mr. Ruggles fails to pay as ordered, the Government is entitled to enforce the decree, including the entry and enforcement of a money judgment

The Defendant has not established a factual or legal basis which could serve to prevent the entry of judgment at any trial in this cause.  Because he has failed to make a sufficient showing to establish the essential elements of a viable affirmative defense, summary judgment is appropriate.

WHEREFORE, Plaintiff, the United States of America, asks that its Motion for Summary Judgment be granted, and that judgment enter against Defendant Jon P. Ruggles in the amount of $3,899,204.67, plus interest from the date of the Judgment.

Dated:  December 14, 2021                Respectfully submitted,

**JUAN ANTONIO GONZALEZ**
**UNITED STATES ATTORNEY**

By: _____
Brett R. Geiger
Assistant U.S. Attorney
Fla. Bar No. A5502622
99 N. E. 4th Street, Suite 300
Miami, Florida 33132-2111
Tel No. (305) 961-9190
E-mail: Brett.Geiger@usdoj.gov