UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  20-CV-82389-AMC

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

JON P. RUGGLES,

            Defendant,

and

TD BANK, N.A.,
JR NAL HOLDINGS, INC.,
NARL HOLDINGS, US LP,
POSTLANE CAPITAL PARTNERS, LLC,

            Garnishees.

_____/

## REPORT AND RECOMMENDATION ON WRITS OF GARNISHMENT
## [ECF Nos. 72, 74, 76, 78]

The United States holds a Final Judgment against Jon Ruggles for $3,780,045 plus interest. ECF No. 58. To partially collect the judgment, the United States requested, and the Court issued, continuing writs of garnishment under the Federal Debt Collection Practices Act. *See* 28 U.S.C. §3205(a). The writs were issued to JR NAL Holdings Inc. ("JR NAL") Postlane Capital Partners, LLC ("Postlane"), and NARL Holdings US LP ("NARL"), and TD Bank. ECF Nos. 72, 74, 76, 78. All four garnishees timely answered the writs. *See* 28 U.S.C. § 3205(c)(4). Mr. Ruggles did not object to any of the Answers or asked for hearing. *See* 28 U.S.C. § 3205(c)(5); ECF No.

95. The United States objected only to TD Bank's demand for $100 in fees under Florida Statute § 77.28. ECF Nos. 82, 98.[1] The United States did not request a hearing on its objection.

## ANSWERS TO WRITS

*1. Postlane Capital Partners, LLC Answer — ECF No. 86*

Postlane's Answer said it did not have possession, custody, or control of any property of Mr. Ruggles.

*2. JR NAL Holdings, Inc. Answer — ECF No. 90*

JR NAL's Answer says it is 100% owned by Mr. Ruggle. It owns approximately 500,000 shares of North Atlantic Luxembourg, S.a.r.l. ("NA Lux"). The shares are held in book entry form, not as certificates of stock or other negotiable instrument. It also owns approximately 32,000,000 convertible equity certificate interests in NA Lux that are held only in book entry form.

JR NAL argues that it is not the proper garnishee for the interests in NA Lux because it does not hold any stock certificates. ECF No. 90. It cites 28 U.S.C. § 3205(b)(2)(A), which says:

> If the property consists of a right to or share in the stock of an association or corporation, or interests or profits therein, for which a certificate of stock or other negotiable instrument is not outstanding, the corporation, or the president or treasurer of the association shall be the garnishee.

Finally, JR NAL says it has a bank account at US Bank Minnesota with a zero balance.

---

[1] The other garnishees had requested these fees in their Answers, but later withdrew those requests. ECF No. 97.

*3.  NARL Holdings US LP Answer — ECF No. 91*

NARL's Answer says that since August 18, 2023, it has withheld monthly consulting fees of $25,000 that are owed to Mr. Ruggles. NARL also has withheld $24,318.67 that is owed to Mr. Ruggles for expense reimbursement. The Answer further says that, under a consulting agreement with NARL, Mr. Ruggles is entitled to an interest in certain distributions from North Atlantic Refining LP. That right is not documented in any stock certificate or other negotiable instrument, so NARL says it is not the proper garnishee for that asset.

*4.  TD Bank — ECF No. 82*

TD Bank's Answer says there is a bank account in the names of Jon P. and Ivonne G. Ruggles with a current balance of $86,865.27.

## **DISCUSSION**

Where, as here, the garnishee answers the writ, no objections are filed to the answer, and no hearing is requested, "the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in [the property covered by the writ]." 28 U.S.C. § 3205(c)(7).

The United States does not dispute that (1) Postlane does not possess any property in which Mr. Ruggles has a substantial nonexempt interest, (2) JR NAL is not the proper garnishee for Mr. Ruggles' interests in NA Lux, (3) JR NAL does not otherwise have possession, custody, or control over property in which Mr. Ruggles

has a substantial nonexempt, and (4) NARL is not the proper garnishee for Mr. Ruggles' interests in North Atlantic Refining L.P.

Mr. Ruggles has not objected to his NARL consulting fees and withheld expense reimbursements being garnished. Nor has he objected to the TD Bank account being garnished. Therefore, NARL and TD Bank should be ordered to turn over these funds to the United States.

The United States argues that sovereign immunity prevents TD Bank from assessing the $100 fee under Florida Statute § 77.28. I agree for the reasons stated in the United States' objection.[2] In sum, the United States retains its sovereign immunity until that immunity is affirmatively waived. TD Bank concedes that it cannot identify any authority holding that the United States waived its sovereign immunity to allow for the recovery of Florida's statutory garnishment fee. ECF No. 106.

Finally, the Federal Debt Collection Practices Act is silent about what, if any, order the Court should enter when a garnishee — such as Postlane and JR NAL — has no assets responsive to the writ. Nevertheless, in its Answer, Postlane asks "to be discharged and released" from liability related to the writ. ECF No. 86 at 1.[3] This argument is not developed, and the Government did not respond to it. If any garnishee wants further relief from the continuing writ, they should file a separate pleading explaining why they are entitled to that relief.

---

[2] I resolve this issue on the papers because neither the United States, TD Bank, nor Mr. Ruggles requested a hearing.

[3] JR NAL does not make a similar request.

4

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court:

1.  Order NARL to pay to the United States, as judgment creditor, all present and future consulting fees and expense reimbursements due and owing to Mr. Ruggles, and

2.  Order TD Bank to pay to the United States, as judgment creditor, the $86,865.27 held in account number xxxxx7718 in the names of Jon P. and Ivonne G. Ruggles.

3.  Order the United States to provide to NARL and TD Bank specific payment instructions.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 12th day of October 2023.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE