UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82389-CIV-CANNON/Reinhart

**UNITED STATES OF AMERICA**,

    Plaintiff-Judgment Creditor,

v.

**JON P. RUGGLES**,

    Defendant-Judgment Debtor,

v.

**TD BANK, N.A., POSTLANE CAPITAL PARTNER, LLC, JR NAL HOLDINGS INC., NARL HOLDINGS US LP,** and **SPEND CATALYST LLP**,

    Garnishees.
_____/

**ORDER GRANTING UNOPPOSED MOTION TO DISSOLVE
WRITS OF GARNISHMENT [ECF NO. 111] AND ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 107]**

**THIS CAUSE** comes before the Court upon the following motions and filings: (1) Motion to Dissolve Writs of Garnishment and for Order Adopting Report and Recommendation filed by Plaintiff-Judgment Creditor, the United States of America [ECF No. 111]; (2) the Notice of Settlement between the United States, JR NAL HOLDINGS INC., and NARL HOLDINGS US LP [ECF No. 108]; (3) the Satisfaction of Judgment as to Jon P. Ruggles [ECF No. 112]; and (4) the Report and Recommendation on Writs of Garnishment filed by Magistrate Judge Bruce E. Reinhart (the "Report") [ECF No. 107]. No party filed objections to the Report, and the time to do so has expired [ECF No. 107]; however, in its Motion [ECF No. 111], the United States explains that it

CASE NO. 20-82389-CIV-CANNON/Reinhart

has a reached a settlement agreement with JR NAL HOLDINGS INC. and NARL HOLDINGS US LP, making the portion of the Report recommending garnishees be required to pay the United States certain sums now moot. Thus, the only remaining portion of the Report still relevant at this juncture is the recommendation that the United States not be required to pay Garnishee TD Bank a $100 statutory assessment fee because this assessment fee is barred by sovereign immunity [ECF No. 107 p. 4]. The Court has reviewed all aforementioned relevant filings and the entire record and is otherwise fully advised in the premises. Upon such review, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff-Judgment Creditor the United States' Motion [ECF No. 111] is **GRANTED**.
2. The Clerk is **DIRECTED** to dissolve all Writs of Garnishment [ECF Nos. 72, 74, 76, 78, 80].
3. The Report [ECF No. 107] is **ADOPTED IN PART.**
    a. The Report is **adopted** to the extent that it recommends denying Garnishee's TD Bank's request for a $100 statutory assessment fee [ECF No. 107 p. 4].
4. Garnishee TD Bank's request for payment of statutory garnishment fees [ECF No. 82 p. 2] is **DENIED** for the reasons stated in the Report [ECF No. 107 p. 4].
5. In light of the Satisfaction of Judgment filed by the United States [ECF No. 112] and the United States' notice that the settlement payment has been received in full satisfaction of the Final Judgment [ECF No. 111 p. 2], all garnishees are **DISCHARGED** from further liability under the (to be dissolved) Writs of Garnishment.

CASE NO. 20-82389-CIV-CANNON/Reinhart

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 15th day of November 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record